### 13366.  SMITH *v.* THE STATE.

A conviction of gaming was authorized by the evidence. LUKE, J., dissents.

>                DECIDED JUNE 13, 1922.

Accusation of misdemeanor; from city court of Carrollton — Judge Hood. January 25, 1922.

It was testified, that John Henry Smith, the defendant, went at

night to Clara Terrell's house, and " she asked him if he had come down to ' skin.' He said he didn't come down for that, but said, ' I will play.' There is such a game as ' skin.' . . They commenced playing with cards. They took one apiece, never did anything else. . . Money was on the board. . . They didn't play any at all before the officers got there. They had just dealt of the cards when the officers came. . . John Henry had money up on the board." The city marshal testified, that, at the time as to which the previous witness had testified, John Henry Smith was sitting in the house with Clara Terrell, and had cards and money on the table; he did not see anybody deal the cards; they had the cards in their hands, and the remainder of the deck was on the table. This witness testified further: " Money was not on the table. I taken a dollar bill off Henry, out of his hands with his cards. I don't know anything about the game the negroes call ' skin.' . . I don't know whether they were playing what they call ' skin.' They said they were playing skin. . . I think they were gambling, don't know whether this negro (defendant) was gambling, don't know that any of them were gambling." Another witness testified that he was with the marshal and saw John Henry Smith and Clara Terrell sitting with cards in their hands and cards on a board across her lap, that there was money on one end of the board, and that John Henry had a dollar bill in his hand. The defendant, in his statement at the trial, said that he was not gambling, but was starting to play a game of five up or set back, and that the money was not his, but ". belonged to the other fellow."

*Boykin & Boykin,* for plaintiff in error.

*Willis Smith, solicitor,* contra.

Per Curiam. The defendant was convicted of the offense of gaming. His case is here upon the sole assignment of error that the evidence does not authorize the verdict. Upon a careful examination of the evidence we are convinced that there is some evidence to authorize the verdict, which has the approval of the trial judge. It was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur Luke, J., dissents.*

Luke, J., dissenting. I do not agree to the conclusion reached

by the majority in this case. The only positive evidence was to the effect that the defendant was about to engage in a game played with cards. The only witness that was present and saw the defendant and another person sitting at a table swears positively that at the time the officers made the raid, no game of cards had been played. I am of the opinion that the motion for a new trial should have been granted.